# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN CRAIG BURNETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-10-470-M ) |
| JUSTIN JONES, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the alleged violation of certain of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendant Taylor has filed a motion to dismiss and brief in support [Doc. No. 20], to which Plaintiff has responded [Doc. No. 37]. Defendant Jones has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56(b) [Doc. No. 25], and Plaintiff has responded [Doc. No. 34]. In accordance with this Court's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), Special Reports have been filed by the Cimarron Correctional Facility [Doc. No. 21] and the Department of Corrections [Doc. No. 22], and Plaintiff has filed an objection to both Special Reports [Doc. Nos. 34 and 35]. For the reasons set forth hereafter, the undersigned recommends that the motions to dismiss be granted and that the complaint be dismissed.

**Plaintiff's Complaint/Background**

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), was incarcerated at the Cimarron Correctional Facility (CCF), a private prison facility in Cushing, Oklahoma, at the time he filed this action. In a single claim, Plaintiff alleges that during a total facility lockdown at CCF that began on April 8, 2010, Defendants deprived him of conditions of confinement in which he has a state created liberty interest. Complaint, p. 1b. Plaintiff claims that the April 2010 lockdown and earlier lockdowns based on gang activity essentially constituted administrative segregation and that Defendants failed to follow their own policies with respect to conditions of confinement in administrative segregation. *Id.*, pp. 6, 10-16. Plaintiff claims that as a result of the lockdown commencing in April 2010, he and other inmates experienced restricted shower opportunities, restricted telephone use, restricted interaction with other inmates, restricted exercise opportunities, and restricted visitation. Complaint, pp. 4-5. He further alleges that certain meals served in "brown bags" were inadequate and meals on trays had to be eaten in the cell. *Id.*, p. 4. In addition, Plaintiff alleges that all "normal" medium security activities such as rehabilitation programs, education classes, library use, religious services and recreation activities were suspended. *Id.*, p. 5.[1] Plaintiff names as Defendants DOC Director Justin Jones and CCF

---

[1] To the extent Plaintiff is attempting to raise issues concerning deprivations experienced by other inmates at CCF, such claims are subject to dismissal for lack of standing. An action brought under § 1983 must be based on a violation of the plaintiff's personal rights and not on the rights of someone else. *See Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993) (§ 1983 plaintiff lacks standing to bring claims on behalf of others); *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

Warden Joseph Taylor and seeks only declaratory and injunctive relief. Complaint, pp. 1a and 23.[2]

Defendant Taylor, Warden of CCF, moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), first, for failure to state a claim upon which relief may be granted, because CCF has resumed "normal" operations and is no longer in lockdown status, rendering the claims moot. Taylor Motion, p. 2. Defendant Taylor also moves to dismiss on grounds that Plaintiff failed to complete the exhaustion of administrative remedies, as required by 42 U.S.C. § 1997e(a). *Id.*, pp. 3-6.

Defendant Jones, Director of DOC, moves to dismiss or alternatively for summary judgment, on grounds that Plaintiff has failed to allege a violation of his constitutional rights and has failed to show that he is entitled to declaratory and injunctive relief because the prison lockdown has been lifted, rendering his claims for relief moot.

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2]Specifically, Plaintiff requests a declaratory judgment to resolve "[t]he issue of what rights inmates retain while on lockdown, and who are not subject to disciplinary action. Complaint, p. 18. Plaintiff further requests a temporary restraining order or injunction to require Defendants "to immediately stop violating [Plaintiff's] and other inmate's rights, now and in the future." *Id.*

3

misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

## **Analysis**

Defendants argue that Plaintiff's claims for declaratory and injunctive relief are moot because the prison lockdown has been lifted and therefore no present controversy remains. Taylor Motion, p. 2; Jones Motion, p. 5. As noted above, Plaintiff's claims seek purely declaratory and injunctive relief relating to the conditions of confinement imposed by the lockdown at CCF in April 2010.

4

Article III of the United States Constitution limits the jurisdiction of federal district courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). For the federal courts to retain jurisdiction over an action, "[a]n actual controversy must be extant at all stages of review." *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1256 (10th Cir. 2004) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. The crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Id.* (citations omitted) (internal quotation marks omitted).

In an affidavit attached to his response to Defendants' mootness arguments, Plaintiff concedes that CCF resumed normal operations on May 28, 2010. Plaintiff's "Objection to Defendant Jones Dispo[s]itive Motion," Attached Affidavit by Stephen Burnett. Under these circumstances, Plaintiff cannot "maintain a declaratory . . . action unless he . . . can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). In his responses to the motions to dismiss, Plaintiff contends that his claims for relief are not moot because "prison lockdowns are a routine part of prison life," and he "will be subjected to more lockdowns." Plaintiff's "Objections to Defendant Taylor's Dispositive Motion [Doc. No. 37], p. 9; *see also* Plaintiff's "Objection to Defendant Jones Dispo[s]itive Motion," p. 3 ("Is there a reasonable expectation that Plaintiff Burnett will again be subjected to prison lockdowns, warranting an exception to the mootness doctrine

5

. . . .). "To meet the 'capable of repetition yet evading review' exception to mootness, two conditions must be satisfied: (1) the challenged action must be in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the action again." *Fischbach v. N.M. Activities Ass'n*, 38 F.3d 1159, 1161 (10th Cir. 1994).

With respect to Defendant Taylor's mootness argument, the undersigned finds that it is not necessary to decide whether Plaintiff can bring his claims under the narrow "capable of repetition, yet evading review" exception to the mootness doctrine following the May 2010 release from lockdown status at CCF, because the conditions of confinement claim raised by Plaintiff has become moot for an entirely different reason. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte."). On September 17, 2010, Plaintiff notified the Court that on September 13, 2010, he had been transferred from CCF to Davis Correctional Facility (DCF) in Holdenville, Oklahoma, where he remains incarcerated. [Doc. No. 32]. Thus, the Court lacks the power to issue the requested relief because Plaintiff is no longer incarcerated at CCF where the alleged violations occurred. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (claims for injunctive and declaratory relief are moot where the prisoner has been released or transferred and is no longer subject to the conditions of confinement on which his claims are based); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985)(prison transfer moots claims for injunctive relief); *Olson v. Finney*, 885 F. Supp. 1480, 1485 (D.Kan. 1995) (same). Further, courts have found that the possibility

of retransfer to a prison facility is so remote and speculative that it does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. *See e.g., Nasious v. Ray*, 3 Fed. Appx. 745, 747 (10th Cir. 2001) (finding that transfer to a different correctional facility mooted plaintiff's claims for prospective injunctive relief when he alleged no facts indicating he may be returned to the original facility); *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir.1984) (finding that transfer to another prison moots a claim for declaratory and injunctive relief even if "there is no assurance that he will not be returned to the first jail") (cited in *Green v. Branson*, 108 F.3d at 1300); *McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir.1999) (inmate claims against prison officials for prospective injunctive relief are mooted by the inmate's transfer to another facility in the absence of a demonstration of the likelihood of retransfer (which may not be based on "mere speculation.")). Because Plaintiff is no longer in custody at CCF, his claims for declaratory and injunctive relief concerning lockdown conditions of confinement at CCF are moot. *See Green*, 108 F.3d at 1300 (claims were moot because a judgment in the prisoner's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him"). Accordingly, this Court is without Article III jurisdiction over Plaintiff's conditions of confinement claim based on the April 2010 lockdown at CCF. Therefore, Defendant Taylor's motion to dismiss on grounds of mootness should be granted, and the claims against Defendant Taylor should be dismissed without prejudice. *See Beierle v. Colorado Department of Corrections*, 79 Fed. Appx. 373, 376 (10th Cir. Oct. 22, 2003); *Bulgier v. Social Security Administration*, Case No.

96-1382, 1997 WL 556281, at *1 (10th Cir. Sept. 8, 1997) (unpublished op.); *see also Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999) (directing the district court to amend its order of dismissal to be without prejudice because the court had lacked subject-matter jurisdiction); *Wisznia v. City*, 135 Fed. Appx. 181, 187 (10th Cir. June 15, 2005) (holding that an order of dismissal on grounds of mootness "does not constitute a judgment on the merits for res judicata purposes").

With respect to Defendant Jones, the undersigned finds that even if Plaintiff's claims against Jones were construed to come within the exceptions to mootness, such claims should be dismissed because the allegations in the complaint fail to state a claim against him. Specifically, Plaintiff has failed to allege personal participation of Defendant Jones in connection with his claim regarding the conditions of confinement to which he was subjected during the lockdown. Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.1976); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). "Supervisory status alone does not create § 1983 liability." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993). Although Plaintiff asserts that Defendant Jones had ordered the lockdown and the segregation of the races, Plaintiff acknowledges "that prison officials have the authority to put penitentiaries on lockdown status at any time when they believe it is required for the safety and security of the inmates, staff, and officers." Complaint, p. 2.

As Plaintiff states, "the actual controversy is the conditions of confinement to be imposed on inmates such as [Plaintiff]" during lockdown. *Id.* Thus, Plaintiff's allegations with respect to Jones's participation are limited to his alleged order that the prison be locked down; however, Plaintiff fails to allege any facts demonstrating personal participation by Defendant Jones in the imposition of the conditions of confinement challenged in this complaint. *See Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009) ("[A] supervisory relationship alone is insufficient for liability under § 1983.") (citation omitted); *Green v. Branson*, 108 F.3d at 1302 (§ 1983 plaintiff must show that an "affirmative link exists between the [constitutional] deprivation and either the [officer's] personal participation, his exercise of control or direction, or his failure to supervise."). Because Plaintiff has not sufficiently alleged a connection between Defendant Jones' personal participation and any alleged constitutional violation, his claim against Defendant Jones is subject to dismissal.

Even if Plaintiff could cure this defect in an amended complaint, the undersigned finds that his due process challenge to the conditions of confinement during lockdown status would nonetheless be subject to dismissal for failure to allege a constitutional deprivation. Plaintiff alleges that "the State has created certain liberty interests with its statutes, prison rules or regulations, which limit its official latitude to change the conditions of confinement and limit the circumstances under which sanctions or punishment may be imposed." Complaint, p. 3. According to Plaintiff, the conditions that were imposed during the CCF lockdown were punitive, and he was entitled to due process before the imposition of such conditions. *Id.*

To maintain such a due process claim against Defendant Jones, Plaintiff must allege

that a recognized liberty or property interest has been interfered with by Defendant Jones, and that the procedures attendant to that deprivation were not constitutionally sufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A liberty interest may arise where the conditions or duration of confinement in administrative segregation impose an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir.2006). The Tenth Circuit requires that courts inquire into the particular conditions of confinement before concluding whether such conditions impose an atypical and significant hardship on an inmate. *See Fogel v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Factors to consider include are whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement; and (4) the placement is indeterminate. *See Estate of DiMarco*, 473 F.3d at 1342.

As to the first factor, Plaintiff alleges that he was put into lockdown status because of rival gang violence between Hispanic inmates and Native American inmates. This contention at least facially demonstrates that his placement in lockdown status was not arbitrary and that prison officials acted in response to a clear and real threat to the security and safety of the institution. Turning to the second factor, Plaintiff alleges that he, like all the other inmates in lockdown, was denied the privileges of unrestricted access to telephone use, showers, interaction with other inmates, opportunities to exercise, visitation, and other

"typical" medium security activities. However, Plaintiff does not allege that he was subject to conditions significantly different from those imposed on other inmates in lockdown. Nor does he allege circumstances demonstrating the conditions caused the type of atypical, significant deprivation in which a liberty interest might be created. As to the third factor, there is no claim that Plaintiff's placement in lockdown increased the duration of his confinement. Finally, with respect to the fourth factor, Plaintiff concedes that the lockdown status ceased on May 28, 2010, just over a month after it was imposed.

Thus, under the *DiMarco* factors relevant to a *Sandin* analysis of the conditions imposed on Plaintiff during lockdown at CCF, the undersigned finds that Plaintiff has failed to allege the sort of atypical and significant hardship necessary to trigger due process protections under *Sandin v. Conner*. Because Plaintiff has failed to allege the deprivation of a liberty interest triggering the protections of due process, even assuming that the claim against Defendant Jones survived a mootness challenge and further assuming that the complaint could be amended to allege personal participation of Defendant Jones, Plaintiff's claims against Defendant Jones would be subject to dismissal for failure to state a claim on which relief could be granted, and such dismissal should be with prejudice, as amendment of such claims against Defendant Jones would be futile. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

**Plaintiff's Motion to Add Warden Robert Ezell as a Defendant**

On October 29, 2010, Plaintiff filed a motion seeking leave to add as a defendant Warden Ezell, warden at DCF, a private prison facility which Plaintiff alleges is owned and

operated by Corrections Corporation of American (CCA) along with the CCF facility [Doc. No. 46]. Plaintiff states that after his arrival at DCF on September 13, 2010, the facility was placed on total lockdown for an "institutional shakedown" on October 12, 2010, and that the lockdown continued for thirteen days. As with his claim against Defendants Taylor and Jones, Plaintiff alleges that he is "not complaining about being locked down, but is "raising the same complaints" regarding the "overly harsh, punitive conditions of confinement" and the duration of being locked down. For the reasons previously discussed, the undersigned finds that Plaintiff's claims against Warden Ezell likewise fail to allege the sort of atypical and significant hardship necessary to trigger due process protections under *Sandin v. Conner*. *See Estate of DiMarco*, *supra.* Thus, the undersigned finds that Plaintiff has not alleged a legitimate basis for adding Warden Ezell as a party defendant to this action, and his motion should be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that the motions to dismiss filed by Defendant Taylor [Doc. No. 20] be GRANTED on the basis that Plaintiff's claims for declaratory and injunctive relief related to the prison conditions he experienced at CCF during the lockdown of April 2010 have been mooted by his transfer in September 2010 to the DCF, and such claims should be dismissed without prejudice. The motion to dismiss filed by Defendant Jones [Doc. No. 25] should be GRANTED for failure to state a claim upon which relief may be granted, and Plaintiff's claims against him should be dismissed with prejudice. It is also recommended that

Plaintiff's motion for leave to add DCF Warden Robert Ezell as a defendant [Doc. No. 46] be DENIED. In light of these recommendations, it is further recommended that Plaintiff's Motions for Hearing [Doc. Nos. 36 and 38], Motion to Appoint Counsel [Doc. No. 39], and Motions to Compel [Doc. Nos. 41, 44, and 45] and be DENIED.

Plaintiff is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 24th day of March, 2011. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 4th day of March, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE